## Pennsylvania Arabian Horse Association Incorporation

*Donald G. Oyler*, for applicant.

SHEELY, P. J., May 20, 1963.—In their proposed articles of incorporation, the incorporators state that the purpose of the proposed corporation "is to promote the Arabian horse." This is insufficient.

Under section 203 (3) of the Nonprofit Corporation Law of May 5, 1933, P. L. 289, 15 PS §2851-203, it is provided that articles of incorporation shall set forth, inter alia, "A precise and accurate statement of the purpose or purposes for which it is to be formed, and that it is a corporation which does not contemplate pecuniary gain or profit, incidental or otherwise, to its members." The proposed articles of incorporation do not state that the corporation does not contemplate pecuniary gain or profit to its members, but more important, the statement of its purpose is far from being precise or accurate.

Under section 207 of the Nonprofit Corporation Law, the court is charged with the responsibility of consider-

ing the application and if it "find(s) the articles to be in proper form and within the provisions of this act, and the purpose or purposes given in the articles to be lawful and not injurious to the community, . . . the court shall so certify on the articles, and shall order and decree thereon that the articles are approved . . ."

In Deutsch-Amerikanischer Volksfest-Verein, 200 Pa. 143, 145 (1901), the Supreme Court stated:

"The privilege of incorporation, and the requirements to obtain it, are wholly statutory. The courts are not entitled to grant or refuse the right except upon legal grounds, and the requirements fixed by law can neither be dispensed with, nor added to . . ."

The requirement that the articles set forth a "precise and accurate statement of the purpose" must be rigidly complied with by the incorporators for, if not complied with, the court is unable to determine whether the purposes are in fact lawful and not injurious to the community: Society for Social Responsibility in Science Incorporation, 19 D. & C. 2d 627, 628 (1959). As pointed out in the latter case, a full and comprehensive discussion of the necessity of clarity of purpose is contained in Citizens League of Wheatfield Township, 65 D. & C. 70 (1948). In that case, after quoting the dictionary definitions of "precise" and "accurate", the court said (page 73):

". . . At any rate, the purposes must be stated with particularity, exactness and clarity; general and vague expressions of purpose are not to be approved": see also Conversion Center Charter Case, 388 Pa. 239, 244 (1957); In re Villa Sites Service Company, 87 D. & C. 581 (1953); In re Application for Jocarrd Club, 85 D. & C. 88 (1953); and our own opinion in Application for Incorporation of Rocky Mountain Hunting Club, Fulton County, January 9, 1956.

The purpose of the proposed corporation here stated is "to promote the Arabian horse." It is difficult to

imagine a statement which is more general and vague. Almost any type of activity might be justified thereunder. What is the Arabian horse to be promoted for or to? How is the horse to be promoted? Is it to be by conducting a breeding farm or by conducting public races or horse shows? In what activities will the proposed incorporation engage? Will it conduct a lottery with an Arabian horse as the prize? Many more questions might be asked and some of them might sound foolish to the incorporators who probably have a definite program in mind, but it must be kept in mind that the statute requires a precise and accurate statement of the purpose of the corporation to be set forth in the articles; that the existence of the corporation is to be perpetual; and that the court must find that the stated purpose is lawful and not injurious to the community.

And now, May 20, 1963, the application for the incorporation of Pennsylvania Arabian Horse Association is refused without prejudice to the right of the incorporators to file a new application.